Jack WILLIAMS et al *v.* Jasper H. TULLOS et ux

73-306                                    507 S.W. 2d 516

Opinion delivered April 8, 1974

*Haley & Claycomb,* for appellants.

No brief for appellees.

CONLEY BYRD, Justice. This is a boundary dispute involving the south 114 feet of an unfenced boundary in the City of Warren, Arkansas, between the lot owned by appellants Jack Williams and his sister Elizabeth Fullerton and the lot owned by the appellees Mr. and Mrs. Jasper H. Tullos. The boundary in dispute comprises the west boundary of appellants' lot and the east boundary of appellees' lot. By their pleadings appellants admit that the boundary does

not come within the description contained in their deed but contend that they and their predecessors in title have been in "actual, open, visible, notorious, continuous, undisturbed and undisputed possession of the tract of land . . . " for 25 years. The trial court generally fixed the boundary at a point 4.5 feet east of a garage and thence south to Bond Avenue. For reversal appellants contend:

"POINT I. The Chancellor erred in entering a decree based on the findings of his predecessor rather than re-opening the case for trial de novo.

POINT II. The trial court erred in its finding that Tullos has claimed the land south of the garage either by deed or adverse possession for more than seven years."

The record as abstracted clearly shows that the area here in controversy was never fenced. The appellees planted and maintained pine trees on the area after their acquisition in 1964. Appellees also maintained some flowers in the area. Appellant, Jack Williams, admits that appellees planted and maintained some of the flowers, although he says his mother planted most of them. The only surveyor who testified placed the actual survey line of the boundary either at the same location or slightly east of the point fixed by the trial court.

Since a great preponderance of the evidence shows that appellants have not been in adverse possession of the area here in controversy and that the boundary fixed by the court is within the area conveyed to appellees and their predecessors, we find no merit in either of the contentions raised by appellants.

Appellants had a survey made by occupancy of the different owners in the area and suggest that appellees' eastern boundary should be fixed in relation to their western boundary. There are two answers to this suggestion. In the first place appellees' neighbor to the west is not a party to the proceeding and consequently that boundary is not necessarily the same as that contained in appellees' deed. In the second place appellants received their deeds by a metes and bounds description that referred to appellees' boundary as a monument which would take precedence over the distance set

out in their deed. Furthermore, there is no showing that the property was conveyed by reference to a plan or according to some definite proportion, *Hughes* v. *Yates*, 228 Ark. 860, 311 S.W. 2d 179 (1958). Consequently, the rule of apportionment is not applicable.

Affirmed.